Good morning, Your Honor. Michael Powell for Mr. Munguia-Rodriguez-Munguia. I know the court wants us to discuss the effect of Gonzales-Tamaras, which was just recently denied re-hearing. And I guess there's a number of ways to discuss its effect. First, I'd just like to point out, I sent the court a 28-J letter. There was a case that came out Monday, Ballesteros-Ruiz. And it's not directly on point, but it establishes one thing I think that's critical to this argument, is that in that case, Judge Graver, for the majority or for a unanimous court, decided that at least a drug offense that's punishable to only up to one year imprisonment cannot be an aggravated felony, nor can it be a felony under the B-1, B-2 distinction. And I think that's the point I have here, is that our case is a little different in respect to – and I guess this is the part that kind of concerns me the most on my client's behalf – is that Judge McKibben did not find this was a crime of violence. I mean, he did when he was talking about it, but that's not the way he assigned the points. He assigned an eight-level increase in this particular case because he found it was an other aggravated felony. Now, if he had found it was a crime of violence, then he would have had to assign a 16-point. And I say that concerns me because we could go back and get hurt worse. But the idea is – and this is what Judge McKibben struggled with. He's been a judge in Nevada for a long time, and he and I have fought it out for the last 25 years. But he couldn't understand how a misdemeanor, what he knows to be a misdemeanor in Nevada, can be not a felony under the statute, because it isn't, but could be an aggravated felony. And that completely confused him. And I think that's why he hit this middle point of assigning only – I mean, I guess you could consider it even a downward departure in that respect because he didn't believe that it was, in fact, qualified under B-1. And the difficulty, of course, is that Congress can call it a, you know, a cow if it wants to and say, you know, if that's what it is, that's what it is. Well, Judge Romer, I agree with that. But they have to actually at least say that so the rest of us can understand it. When we're all looking at what we know is a horse and then all of a sudden they seem to be telling us, no, really, you guys are wrong, it's a cow, then I think we need to look at what did they really actually say. And the problem we have here is that the definitions now in 1101a43 are overriding the actual structure of the statute itself, because the statute itself is in a – it has its own structure. And, in fact, I think the most important point is in 1326b-1, where it says that the returning alien whose removal was subsequent to a felony is then eligible for a maximum of 10-year punishment. But – and then it says in Perren's right next to felony, not an aggravated felony. You know, tell me exactly how you distinguish this case, your case, from Gonzales-Tamariz, that seems to say that at least one year means a sentence of one year, and that's what you're facing. How do you distinguish this from that? Well, you know, it's based on the rationale in the case. I don't, Judge. I really – I mean, honestly, I can't. You're stuck with that. Well, I am stuck. I mean, you know. What are we supposed to do? What's your suggestion for us? Well, you know, the thing is, Judge, in watching you guys listen to this, I'm really glad I'm not a judge and I'm an advocate, because this – I think the immigration statutes really, and this is my suggestion, are way more complex than any of us thought, a lot more than I thought when I started this four years ago. And what's happened is just the nature of the litigation in this court. It's come up and we've examined each leaf. As we go along, we've made a decision. But the fact is that those leaves fit someplace on a tree, and we haven't actually stepped back and looked at the tree. And the tree says that, like right now, that an aggravated felony is up here and a misdemeanor is down here, but it makes no sense in the structure of the statute if we step back and look at it. And I guess what I'm suggesting is for the court to request an en banc hearing and let's step back and make this a little bit more understandable for everybody in this circuit. I mean, this is a problem. It really is, because we've never stepped back and looked at the actual structure that these particular definitions animate. Well, I think what you're saying, and I share your concern, is that when we all went to law school, there was a pretty clear distinction between misdemeanors and felonies. And unfortunately, for whatever political reasons or whatever other reason Congress had, they have done what Judge Reimer has suggested. They're turning things into cows that aren't cows. Well, they're doing it using terms that have very specific meaning to criminal lawyers. And I don't know what we do with it. I mean, an en banc call doesn't really help solve the problem if Congress has said, you know, by aggravated felony we mean, in this case, crime of violence, which is sufficient if you point a firearm at somebody and say, you know, what's happening. I don't know what an en banc call gets you. Well, because, Judge, what we have here is, like I pointed out, we're at equal poise between what we all understand is the difference between a felony and a misdemeanor. A felony you can get up to one year. And this is what Judge Graber just said. If you get up to one year, it's a misdemeanor and it doesn't qualify as a felony nor an aggravated felony. But also that's the bottom end of a felony thing, one year or more. So we have to, I mean, we have to find if we use the normal rules of statutory construction that Congress actually intended to do that, to destroy that distinction, because they know what the law is. And the other point I made is that the B-1, B-2 structure, where we have felony, misdemeanor, and aggravated misdemeanor distinctions, was in effect before they changed these definitions in 1996. It comes, that statute, that part of the statute was never changed at all. So they're then legislating within the framework, and they're assumed to know what that says, and they're assumed to know what the common law distinctions. Now, all the other circuits that decided this turned that particular statutory construction on its head. They said, well, they didn't, we don't see any evidence that they didn't intend to include misdemeanors. Well, but if we already have an established idea of what that is in law, then they have to intend to include them. I'm not trying to tell you how to litigate your cases, and this doesn't help Mr. Rodriguez at all. No, it doesn't. But, you know, one of the things I would think about if I were considering challenging this is the fact that this is a terrible set of facts to raise this argument on, because your client's conduct, as little I can see of it in the record, could easily have been charged as assault with a deadly weapon or, you know, serious felony assault. Well, yeah, Judge. I mean, if you look at the actual facts, I mean, this is the point why we do the categorical thing. It could have been a charge of a lot of things, but what they allege in the pleading documents generally gets played out because they can't prove it. Right. And so, I mean, it's a pragmatic view. You can allege a lot of things as a prosecutor. What you can prove and what you end up having to let the other side plead to are totally different ideas, and that's why there's a difference in the elements you admit to and there's not. People are going to have to start asking for 364 days. Well, you know, Judge, it's the actual fact. We just were talking to our panel attorneys, which Mr. Gishu litigated the other cases, one who do a lot more stuff in the state court and asking for that specifically just to avoid this as a pragmatic thing, but that still doesn't get us to a unified structure because we have this problem with this, and everybody has this problem with this, and as I pointed out, if it's at the equal poise, then it can't be plain. It's ambiguous in this particular case, and then there's not sufficient notice, and this is what even Judge McKibben was saying. The rule of leniency itself is a due process consideration. It's a genuine version of proper notification. In other words, we cited that in our brief, and that's exactly where we're at in this case because the statute isn't sufficiently clear and neither did Congress make it sufficiently clear to say that a returning person that has a particular type of misdemeanor, which we all understand is not a serious offense, is now facing 20 years, but he couldn't face 10. Thank you, counsel. Let's hear from your counterpart. Thank you. Good morning, Your Honors. May it please the Court. My name is Craig Denny with the U.S. Attorney's Office in Reno, and I'm here on behalf of Mr. Sullivan, who couldn't be here today. Your Honor, the government believes that the Gonzalez-Tamara's case does in fact control. We may not like what Congress has done to the traditional concept of what a felony and a misdemeanor is, but notwithstanding that term of our aggravated felony, the statute 1101A43F clearly defines what Congress means. It talks about a crime of violence with a sentence of at least one year. And looking at the facts of the present case with Mr. Rodriguez and the facts of the Gonzalez-Tamara's case, essentially the only difference is the type of crime of violence that those two defendants were convicted of in the state system. They were both gross misdemeanors. However, they both one involved battery, the other involved aiming a weapon at another person. They clearly meet the crime of violence prong of an aggravated felony under the federal sentencing law. And the fact that Mr. Rodriguez got a sentence of 12 months clearly meets the second prong, just as the Court found in the Gonzalez-Tamara's case that the sentence of one year, whether it was suspended or not, meets the second prong. Looking at a lot of the other cases that were out there from the sister circuits, that Judge McKibben didn't have the luxury of having the Gonzalez-Tamara's case decided at the time, I was looking at the Pacheco decision from the Second Circuit, and there's language in there where the Court examined the legislative history, and they talk about the fact that the clear purpose of the amendments to the statute were bringing more convictions within its ambit. And they actually quote from the House of Representatives Conference Report No. 828 talking about that the amendments, one of the things they did was lowering the imprisonment thresholds for crimes of theft, violence, racketeering and document fraud from five years to one year. So I think it's clear that while Congress may have been more active calling these aggravated offenses, they chose to use the word aggravated felonies. Mr. Rodriguez-Munguia's conviction for a crime of violence and a sentence of 12 months puts him in that vote. It's a term of art. And while Congress can, in fact, say a horse is a cow, in this case, Congress is saying under these circumstances, if you have a crime of violence with this sentence of one year, suspended or not, you're going to be a cow. Whether you call it a felony, whether you call it a misdemeanor, if you engage in this kind of conduct, you get a year's sentence. That's all it takes. I believe so, Your Honor. Thank you, Counsel. Thank you. Anything else you want to say to us? Since we're getting into the legislative history, because what the Senate said, and this bill originated, and it's in the brief in a particular house. And what they said was when this was announced and presented to the legislators was that we're lowering it so now that most of the felonies will be included in this particular thing. Because not all of them were before, because there was a five-year sentence on the felonies required. So they just pushed it back down to a felony sentence of one year, not a misdemeanor sentence of one year. I mean, Congress can tell us if they want to make misdemeanors felonies or aggravated felonies. Clearly, more clearly than that, when our common understanding, all of us now for 200 years, is that a misdemeanor is punishment of up to a year and a felony is a year and above. And so they didn't say that. They said all they noted in there was that we're trying to capture more felonies for aggravated felons. They didn't say we want to go all the way down to the misdemeanors. And they just didn't. And without that clarity of their intent, because the language certainly isn't clear, they don't even have a verb in there. And you can tell by the haze, as I pointed out in a footnote, they were adding that provision to statutes that didn't, I mean, to definitions that didn't have it in it. And there's a note in there and a text that says this can't be executed to text because the five-year language didn't exist before. So, I mean, that's certainly less than clear in my mind. And if you're going to change the whole structure of the common law in this country for aliens, that's not all that clear. Thank you, counsel. I appreciate the court's time. The case just argued is order submitted. And with thanks to our clerk, we're adjourned for the week.
judges: Trott, Rymer, Tallman